SESSIONS, District Judge,
concurring:
I fully concur in the majority opinion’s thoughtful analysis of Ninth Circuit precedent, and in its determination that public access to filed motions and their attachments hinges not on whether the motion is literally “dispositive,” but on whether the motion is more than tangentially related to the merits of the underlying case. I also concur in the majority’s conclusion that the preliminary injunction motion here was more than tangentially related to the merits of the case, and that the district court should therefore reconsider the documents under the compelling reasons standard. I write separately only to express my belief that reversal is warranted even under the binary approach endorsed by the dissent, for in my view the preliminary injunction motion at issue was literally “dispositive” of plaintiffs’ request that Chrysler issue notice to its customers.
Along with both the majority and the dissent, I accept that a motion is literally dispositive if it “bring[s] about a final determination.” See Maj. op. at 1098 (quoting Black’s Law Dictionary 540 (10th ed.2014)); Dissent at 1105. A motion may bring about a final determination of one claim, however, without disposing of an entire case. Indeed, it goes without saying that parties frequently file motions for partial summary judgment. And as the dissent writes, “it is undisputed that summary judgment motions are dispositive.” Dissent at 1106-07. Thus, it appears to be uncontroverted that within a single case, a motion may be dispositive of some claims and nondispositive of others.
In the present case, plaintiffs’ complaint sought not only damages, but also injunc-tive relief, including an order “requiring Chrysler to adequately disclose and repair the [vehicle] defect.” Similarly, plaintiffs’ preliminary injunction motion requested that Chrysler notify its customers that a part in their vehicles may be dangerous and require replacement. Because notice cannot be withdrawn once it is given, granting the preliminary injunction motion would have awarded plaintiffs a portion of their requested relief. For that reason, I find that the preliminary injunction motion here was literally “dispositive” of plaintiffs’ request that Chrysler issue notice to its customers.
In sum, I fully concur in the judgment of the Court for the reasons discussed in Judge Owens’s majority opinion. I add, however, that in my view the motion for preliminary injunction in the present case was literally “dispositive” of plaintiffs’ request for disclosure. As a result, even under the dissent’s approach, I would vacate and remand for the district court to reconsider whether the documents relevant to plaintiffs’ demand for notice should remain under seal using the compelling reasons standard.